Jose ZAYAS–GREEN,
Plaintiff, Appellee,

v.

Sergio CASAINE, Defendant, Appellant.

Jose ZAYAS–GREEN,
Plaintiff, Appellee,

v.

Sergio CASAINE, etc., et al.,
Defendants, Appellees.

Appeal of Esteban DAVILA–DIAZ,
Defendant, Appellant.

Nos. 88–2117, 88–2118.

United States Court of Appeals,
First Circuit.

Heard Feb. 9, 1990.

Decided June 19, 1990.

Dennis A. Simonpietri, San Juan, P.R., and Gilberto Mayo–Pagan, Hato Rey, P.R., with whom Hector Rivera Cruz, Secretary of Justice, Bayamon, P.R., Jorge Perez Diaz, Sol. Gen., Ramirez & Ramirez and Mayo & Mayo, Hato Rey, P.R., were on briefs, for defendants, appellants.

A.J. Amadeo Murga, Hato Rey, P.R., for plaintiff, appellee.

Before CAMPBELL, Chief Judge, SELYA and CYR, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

In this section 1983 damages action against two Puerto Rico government officials, the district court ruled that defendants, having had two years to file dispositive pretrial motions, would receive no further time to file such motions. The result of this unappealed order, coupled with defendants' prior inaction, was to prevent them from moving to dismiss, or for summary judgment, on qualified immunity grounds prior to trial. The case proceeded to trial, with the jury finding for plaintiff and awarding substantial damages. Following the jury verdict, defendants moved for a judgment notwithstanding the verdict ("JNOV"), in part on qualified immunity grounds. The district court denied defendants' JNOV motion, but ordered a new trial on the issue of compensatory damages. Defendants now bring this interlocutory appeal from that post-trial ruling and order, and plaintiff/appellee protests that we lack appellate jurisdiction.

We hold that by failing to raise the issue of qualified immunity originally in a timely pretrial motion or appeal, defendants have waived their right to bring an appeal at this time, *prior to* final judgment (although not to bring an appeal *after* final judgment). Accordingly, we dismiss.

I.

The principal facts relevant to our disposition of this appeal are as follows:

1. On April 25, 1985, plaintiff/appellee Jose Zayas Green filed a civil rights action for damages against defendant/appellant Sergio Casaine, an officer of Puerto Rico Marine Management, Inc. ("PRMMI"), and defendant/appellant Esteban Davila, the Executive Director of the Puerto Rico Mar-

itime Shipping Authority ("PRMSA").[1] The complaint alleged that Casaine and Davila had violated plaintiff's constitutional rights by dismissing plaintiff from his position at PRMMI solely for political reasons.

2. On July 31, 1985, Davila filed an answer to plaintiff's complaint, in which he raised numerous defenses, including that of qualified immunity.[2]

3. Starting in October 1985, the parties engaged in extensive discovery regarding the allegations in plaintiff's complaint. Such discovery included the exchange of numerous interrogatories as well as the taking of depositions of all three parties.

4. At a pretrial conference on September 12, 1986, the district court allowed the parties until November 15, 1986, to file any dispositive motions prior to trial.

5. On November 17, 1986, Davila filed a motion to dismiss for failure to state a claim.[3] In his motion, Davila did not rely on the defense of qualified immunity, instead choosing to argue solely that plaintiff had failed to state a cause of action. Davila stated that the reason he was withholding a qualified immunity argument was that "if the Court grants this motion it would be unnecessary to file the more complex motion for Summary Judgment based on qualified immunity." Davila requested, however, that in the event the district court rejected his motion to dismiss, the court allow Davila until December 17, 1986, to file a motion for summary judgment based on qualified immunity.

6. On November 24, 1986, Casaine requested additional time to file dispositive motions prior to trial. The district court granted Casaine "until December 8, 1986 to file all dispositive motions. No further extensions shall be granted."

7. On December 31, 1986, the district court amended its earlier ruling, allowing Casaine until January 20, 1987, to file all dispositive motions prior to trial. The court also allowed plaintiff until January 20, 1987, to file his opposition to Davila's November 17 motion to dismiss.

8. On January 20, 1987, despite the court's earlier order, Casaine requested an additional 30 days to file dispositive motions, and Davila renewed his request for an extension of 30 days "after the notification of this Court [sic] decision on codefendant Davila's motion [for] partial judgment on the pleadings...." A magistrate summarily granted both requests. That same day, plaintiff filed his opposition to Davila's November 17 motion to dismiss.

9. On May 4, 1987, the district court denied Davila's motion to dismiss and set a trial date of August 25, 1987. The court also ruled that "[n]o further dispositive pretrial motions shall be entertained by the Court. The parties have had almost two years to do so and any other filings of this nature would set back this case." *Neither defendant appealed from this order.*

10. On May 15, 1987, Davila filed a motion to reconsider the court's May 4 order prohibiting any more dispositive pretrial motions. Davila complained in part that the court's May 4 order "obviate[d]" the magistrate's earlier order granting Davila's January 20 motion for an extension of time. Casaine filed a similar motion on May 20, 1987.

1. Plaintiff further named as defendants PRMMI, PRMSA, and Gerald Toomey. Plaintiff recovered on none of these claims, and, for purposes of this appeal, we do not discuss them further.

2. Plaintiff asserts on appeal that Davila's answer presented "various defenses, *but not including the defense of qualified immunity*" (emphasis in original). Plaintiff's assertion stems from an error in compiling the record appendix and is incorrect. In his answer, Davila's fourth affirmative defense was that he "acted at all times in good faith and in compliance with [his] duties under law and is thus protected by qualified immunity as part of the executive branch of the government."

3. Davila brought his motion purportedly under Fed.R.Civ.P. 12(b)(6) (failure to state a claim upon which relief could be granted). The motion, however, referred to a deposition taken from plaintiff. The motion was thus in effect one for summary judgment. *See* Fed.R.Civ.P. 12(b) ("If ... matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment....").

11. On June 1, 1987, the district court denied defendants' motions for reconsideration.

12. The trial began on August 25, 1987. On that day, Casaine filed an answer to plaintiff's complaint, in which Casaine asserted the defense of qualified immunity.

13. On August 31, after plaintiff rested his case, defendants moved for a directed verdict in part on the ground that they were entitled to qualified immunity as a matter of law. The district court denied their motion on the merits. At the end of the case, defendants renewed their motion for a directed verdict, which the district court again denied on the merits.

14. On September 3, 1987, the jury found for plaintiff and against Casaine and Davila. The jury awarded $400,000 in compensatory damages and $25,000 in punitive damages.

15. The parties filed various post-trial motions. On August 18, 1988, the district court denied defendants' motion for a JNOV, but granted in part defendants' motion for a new trial, finding "that the evidence in the record does not support the excessive amount awarded as compensatory damages," and ordering a new trial on the issue of compensatory damages only.

16. Defendants then brought the instant appeal. In an order dated December 23, 1988, this court ruled that "[w]e make no final determination as to appellate jurisdiction at this time, but rather leave that matter for further briefing by the parties in their appellant and appellee briefs."

## II.

As a preliminary matter, we must decide whether we have appellate jurisdiction to entertain defendants' appeal from the district court's August 18, 1988 order, which denied defendants' motion for a JNOV but granted their motion for a new trial on the issue of compensatory damages only. We hold that we lack jurisdiction, thereby dismissing defendants' appeal.

Section 1291 of title 28 provides courts of appeals with jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. A "final decision" is generally considered a decision that " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct.1945, 1949, 100 L.Ed.2d 517 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Since, by definition, interlocutory orders are not final decisions, litigants generally cannot appeal such orders until *after* the entry of judgment. *See In re Continental Investment Corp.*, 637 F.2d 1, 3 (1st Cir.1980) (stating "the general rule that interlocutory orders are not appealable in federal courts").

This final judgment rule serves many interrelated purposes. It furthers the "strong congressional policy against piecemeal review," *id.* (quoting *United States v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974)), and it preserves "the independence of the district judge." *Van Cauwenberghe*, 108 S.Ct. at 1949 n. 3 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)). In addition, the rule prevents litigants from engaging in certain stalling tactics, the sole purpose of which is to increase litigation costs and wear down one's adversary. *See id.*

Applied to the present case, it is hornbook law that the final judgment rule ordinarily prohibits an immediate appeal from an interlocutory order denying a JNOV but granting a new trial. 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2540, at 616 (1971) ("If the trial court denies the motion for judgment but grants the motion for a new trial, the order, as is true of orders for a new trial generally, is not appealable and the new trial will proceed."); *see, e.g., Wagner v. Burlington Industries, Inc.*, 423 F.2d 1319, 1321 (6th Cir.1970) ("Even though the judgment of the District Court determined the issue of defendant's liability, there cannot be an appeal from that judgment or order because the granting of a new trial on the issue of damages renders the order interlocutory and nonappealable."). That the district court erred in its ruling does not

*alone* constitute sufficient grounds for appealing *prior to the end of the new trial.* This is so even if the district court committed a clear error of law. *See Van Cauwenberghe,* 108 S.Ct. at 1953 n. 7 (refusing "to fashion an exception from the general rule of nonappealability for what petitioner describes as 'facially apparent reversible error' ").

Given this solid presumption against taking jurisdiction over the present appeal, the issue is whether we nevertheless must entertain this appeal as an *exception* to the final judgment rule, namely the exception for pretrial qualified immunity denials carved out in *Mitchell v. Forsyth,* 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2814–17, 86 L.Ed.2d 411 (1985).

In *Forsyth,* the Supreme Court held that to the extent such a ruling turns on a question of law, a pretrial denial of qualified immunity at the pleading stage or at the summary judgment stage is immediately appealable under the "collateral order" doctrine of *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The *Forsyth* Court stated that qualified immunity provides not only an immunity from liability, but also an *"immunity from suit."* *Forsyth,* 472 U.S. at 526, 105 S.Ct. at 2815 (emphasis in original). The Court reasoned that because a defendant's *immunity from suit* is extinguished by an order denying defendant's motion for dismissal or for summary judgment on qualified immunity grounds, such an order satisfies the three requirements of an appealable collateral order: (1) the order is "effectively unreviewable on appeal from a final judgment." *Id.* at 527, 105 S.Ct. at 2816; (2) the order conclusively determines "defendant's claim of right not to *stand trial."* *Id.* (emphasis in original); and (3) the order resolves a "claims of right separable from, and collateral to, rights asserted in the action." *Id.* (quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225–26).

Here, defendants contend that just as an order denying a motion for dismissal or for summary judgment on qualified immunity grounds is immediately appealable, the district court's order denying their motion for

a JNOV on qualified immunity grounds (but granting their motion for a new trial on the issue of compensatory damages only) is also immediately appealable. According to defendants, in each instance a district court's order effectively destroys a defendant's qualified immunity from suit, causing the defendant to bear the burdens of the trial process. Defendants further contend that an order denying a JNOV on qualified immunity grounds (but granting a new trial) satisfies the three requirements of an appealable collateral order: (1) the order is effectively unreviewable after the new trial on the issue of damages; (2) the order conclusively determines that defendant must stand trial on the damages issue; and (3) the order resolves a separate and collateral claim of right, namely the right not to be burdened with a new trial. Upon review of the facts of this case, we find this argument wanting.

In *Kaiter v. Town of Boxford,* 836 F.2d 704 (1st Cir.1988), we declined to adopt a "literal" interpretation of *Forsyth*'s discussion of the application of the collateral order doctrine to the defense of qualified immunity. We held that despite a possible reading of *Forsyth* to the contrary, "a defendant who claims immunity has [no] right to two interlocutory appeals." *Id.* at 708. We reaffirmed this holding in *Unwin v. Campbell,* 863 F.2d 124 (1st Cir.1988), stating that "regardless of the number of immunity motions made at various stages of a case in the district court, only one interlocutory appeal to this court will normally be allowed." *Id.* at 132 n. 5. In the present case, we hold that defendants have waived the right to even *one* interlocutory appeal by (1) never filing a motion for qualified immunity relief prior to trial, and (2) never appealing from the district court's refusal to allow them more time to file such a pretrial motion.

■ Like many rights, the right to appeal from an order prior to final judgment is one that can be waived. *See, e.g., Fisichelli v. City Known as Town of Methuen,* 884 F.2d 17, 18 (1st Cir.1989) (defendants waive right to bring appeal prior to trial when they fail to bring timely appeal from

district court's pretrial order denying qualified immunity); *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir.1989) ("Defendants may waive or forfeit their right not to be tried. If they wait too long after the denial of summary judgment, or if they use claims of immunity in a manipulative fashion, they surrender any entitlement to obtain an appellate decision before trial."); *Kennedy v. City of Cleveland,* 797 F.2d 297, 300 (6th Cir.1986) ("the right [to be free from the burdens of trial] is one which can be lost by failure timely to assert it"), *cert. denied,* 479 U.S. 1103, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987); *cf. Sinclair v. Schriber,* 834 F.2d 103, 105 (6th Cir.1987) ("[While] *Mitchell v. Forsyth* has permitted two bites of the appellate apple, at the pleading [stage] and at the summary judgment stage, it did not contemplate that the underlying finality requirement of *Cohen* and of section 1291 would be ignored....").

Here, defendants failed to file a pretrial motion for qualified immunity during the period in which the court was willing to accept one. Then, on May 4, 1987, the district court ruled finally that "[n]o further dispositive pretrial motions shall be entertained by the Court." The result of this order was effectively to deprive defendants of their immunity from suit (but not necessarily their immunity from liability). That defendants recognized this fact is clear from Davila's motion for reconsideration of the district court's order, in which Davila argued that the order "deprives a public official of its [sic] right to raise the qualified immunity defense prior to trial, thus, divesting the qualified immunity doctrine from one of its major underpinnings."

Without question, defendants had at this point a right to appeal from the district court's announced refusal to entertain any further pretrial motions raising the qualified immunity defense. *See Musso v. Hourigan,* 836 F.2d 736, 741 (2d Cir.1988) (allowing interlocutory appeal from district court's failure to rule on proffered qualified immunity defense); *Craft v. Wipf,* 810 F.2d 170, 173 (8th Cir.1987) (per curiam) (allowing interlocutory appeal from district court's announced refusal to entertain any

further motions prior to trial, and remanding for ruling on qualified immunity defense); *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir.1986) (per curiam) ("[A] refusal to rule on a claim of immunity, like the explicit denial of a claim of immunity, is also immediately appealable under the collateral order doctrine."); *see generally* 15 C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure* § 3914.20, at 388 (Supp.1990) ( [T]he purpose of protecting officials against the burdens of trial preparation and trial suggests that at some point appeal should be available from failure to make a pretrial ruling on an immunity defense...."). That they chose not to do so constitutes a waiver of the right to an interlocutory appeal. *See Kennedy v. City of Cleveland,* 797 F.2d 297, 301 (6th Cir.1986) ("[I]f the order [denying immunity] is appealable at all, it must be appealed within the time set by law, here thirty days, or the right must be considered to have been waived."), *cert. denied,* 479 U.S. 1103, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987).

Our holding—that by failing to appeal from the May 4 order, defendants have waived their right to an interlocutory appeal at any time prior to final judgment—comports well with the Supreme Court's concern in *Forsyth* that officials receive adequate protection from the burdens inherent in defending a claim to which they are qualifiedly immune. Relying on *Harlow v. Fitzgerald,* 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982), the *Forsyth* Court found that absent a qualified immunity from suit, government officials would be distracted from their duties and inhibited from taking discretionary action. Moreover, potential government officials would be deterred from engaging in public service. *See Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1984). In the present case, however, holding defendants responsible for bringing a timely pretrial motion or a timely appeal from a district court's final pretrial order should not produce any of these adverse consequences. A government worker faced with a section 1983 action need only file a timely motion for

dismissal or for summary judgment in order to preserve his immunity from suit. If the district court erroneously denies that worker the right to bring such a motion, the government worker need only appeal within the allotted time from that denial in order to preserve his right to an interlocutory appeal. Making a government worker accountable for his failure to take either of these actions creates no unnecessary distractions or inhibitions, nor should it deter potential government officials from taking office.

The absence of any of the policy concerns present in *Forsyth*, when combined with the "vital functions served by the final judgment rule," *Lovell v. One Bancorp*, 878 F.2d 10, 13 (1st Cir.1989), persuades us that the proper course of action in situations such as the present one is to hold defendants accountable for their tardiness and therefore reject any attempt to bring an appeal prior to final judgment. *Cf. Lovell*, 878 F.2d at 13 (Because the concern "regarding the disruptive effect litigation has on effective government … is not present in this case [involving a private party] and because of the vital functions served by the final judgment rule, we hold that the order appealed from is not final under 28 U.S.C. § 1291.").

Academic commentary further supports are holding. Professors Wright, Miller, and Cooper state that it "may be appropriate" to allow an interlocutory appeal from an order granting a new trial

> if the immunity question directly controls the new trial determination, and if the question is framed in a way that *could not have been duplicated in a pretrial motion*. Otherwise it would be better to resist the lure of the theory that if officials deserve immunity protection against the burden of one trial, surely they deserve protection against the burden of a second trial. *The opportunity to appeal the immunity issue before the first trial is enough*, particularly in relation to the cost of delaying the new trial.

15 C. Wright, A. Miller, and C. Cooper *Federal Practice and Procedure* § 3914.20, at 389 (Supp.1990) (emphasis added). Here, of course, the district court ordered a new trial with regard to damages—this order had no relation to the immunity question. More importantly, defendants' motion for a JNOV, based on a qualified immunity as a matter of law, could have been duplicated in a pretrial motion. Following Wright, Miller, and Cooper, we find that despite defendants' assertions to the contrary, "[t]he opportunity to appeal the immunity issue before trial is enough…." *Id.*

In taking this view, we have considered two cases that arguably support an extension of the *Forsyth* rule to orders denying a JNOV but granting a new trial. In *Stevens v. Corbell*, 832 F.2d 884, 887 (5th Cir.1987), *cert. denied*, 486 U.S. 1033, 108 S.Ct. 2018, 100 L.Ed.2d 604 (1988), the court allowed an interlocutory appeal from a district court's order granting a new trial, where the district court had ordered such a trial on the ground that its jury instructions were erroneous. And in *Bolden v. Alston*, 810 F.2d 353, 356 (2d Cir.), *cert. denied*, 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987), the court allowed an appeal from a district court's order granting plaintiff's motion for summary judgment on the issue of liability and denying defendant's motion for summary judgment on the issue of qualified immunity. In neither of these cases, however, did the court find that defendants had eschewed an earlier opportunity to bring an interlocutory appeal. Our holding, therefore, may not necessarily depart from the holding in either *Corbell* or *Alston*.[4]

---

4. We note further that in both *Corbell* and *Alston* the courts expressed some doubt about the correctness of their holdings. *See Corbell*, 832 F.2d at 887 ("[D]espite our doubt about whether the district court's [new trial] order actually turned on the issue of qualified immunity, since the motions panel has already ruled not to dismiss the appeal, we choose not to reconsider the panel's determination of our jurisdiction."); *Alston*, 810 F.2d 356 ("[I]t is not self-evident that an interlocutory appeal should be available to vindicate a defense that, if successful, would spare the defendants at most the burden of defending against determination of appropriate relief, now that liability has already been adjudicated.").

We, therefore, dismiss the instant appeal. We remind defendants, however, that at the conclusion of the proceedings below they will be free to raise as an issue on appeal the district court's denial of their qualified immunity defense on the merits. *See, e.g., Fisichelli v. City Known as Town of Methuen*, 884 F.2d 17, 19 n. 2 (1st Cir.1989) ("Defendants, of course, retain the right to challenge the district court's refusal to dismiss the damages claim on qualified immunity grounds, and any later rulings of a similar bent, in an end-of-case appeal from final judgment."); *Kaiter v. Town of Boxford*, 836 F.2d 704, 708 n. 3 (1st Cir.1988) ("The defendant will, of course, retain the right to challenge [the denial of immunity] in an appeal from a final judgment."); *Kurowski v. Krajewski*, 848 F.2d 767, 773 (7th Cir.) ("[A] public official may raise questions of immunity on appeal from a final judgment even though he bypassed an opportunity to take an interlocutory appeal."), *cert. denied*, 488 U.S. 926, 109 S.Ct. 309, 102 L.Ed.2d 328 (1988); *Kennedy v. City of Cleveland*, 797 F.2d 297, 306 (6th Cir.1986) ("[W]e make clear, as does *Mitchell [v. Forsyth]*, that our decision here, as well as the trial judge's, decides no more than whether the defendants must go to trial. It is not intended to preclude the interposition of the defense of qualified or absolute immunity as a defense on the merits itself."), *cert. denied*, 479 U.S. 1103, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987).

*Appeal dismissed.*

*Costs awarded to appellee.*