Michael W. NICOLETTI,
Plaintiff–Appellee,

v.

CITY OF WACO, et al., Defendants,

Larry Scott, in his official capacity as Chief of Police for the City of Waco, Defendant–Appellant.

No. 90–8328.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1991.

Bettye S. Springer, Mark H. Hoppe, Haynes & Boone, Fort Worth, Tex., James Ludlum, Jr., Ludlum & Ludlum, Austin, Tex., Annette Jones, Asst. City Atty., Waco, Tex., for defendant-appellant.

R. John Cullar, Patrick D. Millar, Mills, Millar & Matkin, Waco, Tex., for plaintiff-appellee.

Before POLITZ and HIGGINBOTHAM, Circuit Judges, and WINGATE,[1] District Judge.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

■ A jury in Waco, Texas returned a substantial verdict against the City of Waco and its police chief, Larry Scott. Defendants attempt to appeal the district court denial of motions for judgment NOV, and grant of a new trial only on damages. We find that we do not have jurisdiction to consider this interlocutory order. We are persuaded that, because Scott by-passed appeal of the district court's pre-trial denial of qualified immunity and requested the second trial he now faces, institutional interests in finality have overtaken Scott's immunity interests. His appeal from the denial of immunity must now await final judgment.

## I.

Nicoletti sued the City of Waco and Chief Scott in state court, alleging that, by transferring him within the department, they violated Texas's statutory and constitutional guarantees of free speech and due process, because defendants were retaliating for his writing in a grievance proceeding and for participating in a lawsuit. After Nicoletti added a claim for monetary damages under 42 U.S.C. § 1983, the City and Scott removed the suit to federal district court pursuant to 28 U.S.C. §§ 1331 and 1343.

Defendants moved to dismiss for failure to state a claim and supported the motion with extrinsic material. Scott's motion urged the qualified immunity of a government worker. The City rested its defense on other grounds. The district court denied defendants' motions, and defendants did not appeal. A week-long jury trial followed.

The jury returned a verdict awarding $1.4 million dollars in compensatory and punitive damages. The jury found the City of Waco liable under the Texas "whistleblower statute" for the sum of $1,233,-000.00 in compensatory and punitive damages; Scott was held liable under the First Amendment of the U.S. Constitution for $172,000.00 in compensatory and punitive damages.

Defendants had moved for directed verdict at trial, and, after the verdict, they moved for judgment notwithstanding the verdict, alternatively, for a new trial. Scott's motions did not explicitly raise the defense of qualified immunity, but did make two assertions that implicitly did so. First, the motion urged there was insufficient evidence to establish that Scott had knowingly and intentionally violated Nicoletti's constitutional rights in transferring him. Second, both defendants argue that the speech raised no matter of public concern but rather raised matters of purely personal interest. The motion also urged insufficient evidence of a custom or policy on part of the City of Waco, error in the jury instructions, and a failure to submit special interrogatories to the jury on various issues, including the issue of whether Scott knowingly violated Nicoletti's rights. Finally, the motion urged other points of error related to the state law claims and damages.

The district court denied the motion for judgment NOV, raising the immunity defense. Defendants filed a timely Notice of Appeal to this court.[2] Nicoletti moved to dismiss the appeal for lack of jurisdiction.

## II.

■ Under the law of this circuit, municipal governments have no right to a *Forsyth* interlocutory appeal of immunity defenses enjoyed by its officials. *McKee v. City of Rockwell, Texas*, 877 F.2d 409, 412

---

1. District Judge of the Southern District of Mississippi, sitting by designation.

2. The Notice of Appeal was styled "Notice of Interlocutory Appeal From Order Dated May 7, 1990 Denying Portion of Defendant Larry Scott's Motion for Directed Verdict." The May 7, 1990 order, however, denied Scott's motion for judgment NOV, not Scott's motion for a directed verdict. Appeal from denial of a directed verdict would be untimely among other difficulties.

(5th Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 727, 107 L.Ed.2d 746 (1990). We are, therefore without jurisdiction to hear the interlocutory appeal of the City of Waco. A government official may, however, immediately appeal a trial court's rejection of an immunity defense contained in a motion for summary judgment. *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

Nicoletti argues that Scott waived his right to a *Forsyth* interlocutory appeal by not appealing the initial denial of his motion to dismiss; that any immunity from trial was by definition lost when the case proceeded to trial. Scott responds that his immunity extends to a new trial of damages, a right that cannot be protected after the ordered trial. Citing *Stevens v. Corbell,* 832 F.2d 884, 887–88 (5th Cir.1987), *cert. denied,* 486 U.S. 1033, 108 S.Ct. 2018, 100 L.Ed.2d 604 (1988). Scott maintains that the Fifth Circuit has recognized that new trial orders are appealable under *Forsyth.*

The First Circuit addressed a similar case in *Zayas–Green v. Casaine,* 906 F.2d 18 (1st Cir.1990). The plaintiff in *Zayas–Green* filed a § 1983 action against two Puerto Rican government officials for dismissing him from his government job, allegedly for political reasons. Defendants delayed filing motions for two years, all the time requesting more time from the court for moving for summary judgment on grounds of qualified immunity. The court finally ruled that no further dispositive pretrial motions would be entertained by the court. Neither defendant appealed from this order.

After the plaintiff won a jury verdict for substantial damages, the defendants moved the district court for a judgment NOV on the grounds that the officials' qualified immunity barred the verdict against them. The court denied the motion, but ordered a new trial on the issue of compensatory damages. The defendants sought interlocutory appeal from the denial of the judgment NOV. The First Circuit dismissed the appeal for lack of jurisdiction.

Writing for a unanimous panel, Judge Campbell held that, by failing to appeal the order barring dispositive pre-trial motions, defendants waived their rights to an interlocutory appeal, although the defendants could still raise their qualified immunity defense on direct appeal from a final judgment. *Zayas–Green* saw *Forsyth* appeals as an exception to a strong policy against piecemeal review. This exception vindicates a government employee's qualified immunity from trial. The *Zayas–Green* court noted that this right would not be unfairly burdened by the dismissal of the defendant's post-trial interlocutory appeal, because the defendants' interest in being free from suit was adequately protected by their right "to timely appeal from a district court's final, pre-trial order." *Zayas–Green,* 906 F.2d at 24. This minimal burden on the defendants was, the court found, easily outweighed by the need to avoid disruptive interruptions to district court proceedings.

*Zayas–Green* is supported by the leading treatise on Federal Practice:

> it would be better to resist the lure of the theory that if officials deserve immunity protection against the burden of one trial, surely they deserve protection against the burden of a second trial. The opportunity to appeal the immunity issue before the first trial is enough, particularly in relation to the cost of delaying the new trial.

15 C. Wright & A. Miller, Federal Practice and Procedure § 3014.20 at 389 (1990 Supp.).

Scott's interlocutory appeal also would evade the 30–day time limit for *Forsyth* appeals from interlocutory orders. *Edwards v. Cass County, Texas,* 919 F.2d 273, 276 (5th Cir.1990). Scott is appealing the district court's denial of his motion for judgment NOV. However, the immunity issues raised in that motion were raised earlier in motions for directed verdict and the motion for summary judgment. Defendants will have little incentive to bring their *Forsyth* appeals within the appropriate time limit when they know that they can raise the same issues at a later stage in

the trial and appeal them within thirty days of the later denial by the district court.

Scott relied heavily on *Stevens v. Corbell*, 832 F.2d 884 (5th Cir.1987), in which this court allowed police officer-defendants to appeal a grant of new trial in a § 1983 case. *Corbell*, however, is distinguishable. In *Corbell* the plaintiff rather than the defendant requested and received the new trial. The costs of trial faced by the defendants in *Corbell* were therefore not of their own making. Here, Scott himself requested the new trial of damages: the costs of litigation that Scott faces are entirely self-imposed.

It bears mention that the *Corbell* court felt constrained by earlier refusal of a panel to dismiss. It declined to dismiss "despite [its] doubt [about whether the court had jurisdiction under *Forsyth* ]," because "the motions panel has already ruled not to dismiss the appeal" and "[the court] choose[s] not to reconsider the panel's determination of [the court's] jurisdiction." *Corbell*, 832 F.2d at 887. In short, we decline to give *Corbell* any reach beyond its facts.

Scott's interest in being free from suit was adequately protected by his opportunity to appeal the immunity defense before trial. At this post-trial juncture, the policy of avoiding piecemeal appeals and in favor of awaiting final judgment outweighs the immunity rights of the defendant, eroded as they were by defendant's own choice to go to trial and the reality that the new trial from which he seeks immunity is a trial he sought.

DISMISSED for lack of jurisdiction.