40 F.3d 1235
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Richard POLIQUIN, ET AL., Plaintiffs, Appellees,
v.
GARDEN WAY INCORPORATED, Defendant, Appellee, MAURICE A.
LIBNER, Appellant.
 No. 94-1399
 United States Court of Appeals,
First Circuit.
 Nov. 15, 1994
 
 Appeal from the United States District Court for the District of Maine [Hon. Gene Carter, U.S. District Judge ]
 Maurice A. Libner and McTeague, Higbee, Libner, MacAdam, Case & Watson on brief for appellant.
 Ray E. Thompson, Jr., Glenn H. Robinson and Thompson & Bowie on brief for appellee, Garden Way Incorporated.
 D.Me.
 APPEAL DISMISSED.
 Before TORRUELLA, Chief Judge, BOUDIN, Circuit Judge, and KEETON,* District Judge.
 Per Curiam.
 
 
 1
 Attorney Maurice A. Libner appeals the order of the United States District Court for the District of Maine, dated April 7, 1994. The order grants the motions of appellee, Garden Way, for compliance with a previously issued protective order and for sanctions for violations of the order. It also orders Libner to undertake specific steps to comply with the previous order. We dismiss for lack of appellate jurisdiction.
 
 
 2
 This court has jurisdiction only over "final decisions of the district court." 28 U.S.C. Sec. 1291; Willhauck v. Halpin, 953 F.2d 689, 701 (1st Cir. 1991). A final decision is generally one that "leaves nothing for the court to do but execute the judgment." Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 521 (1988)).
 
 
 3
 In the instant case, although the district court determined that Libner had violated the protective order and that sanctions were appropriate, sanctions were only "conditionally granted, subject ... to the Court's determination and imposition of an appropriate sanction on Attorney Libner." Since the district court has yet to determine what sanctions will be applied, the portion of the order imposing sanctions upon Libner for violation of the previously issued protective order is not a final order. See In re Tetracycline Cases, 927 F.2d 411, 413 (8th Cir. 1991) (finding that attorney was in contempt for violation of limited appearance and protective orders and that sanctions were appropriate was not appealable final order since amount of sanctions yet to be determined).
 
 
 4
 Nor is the portion of the order imposing obligations on Libner yet appealable. Discovery orders are not in general appealable final orders. In re Insurers Syndicate for Joint Underwriting, etc., 864 F.2d 208, 210 (1st Cir. 1988); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988). Libner claims, however, that the order in this case operates as an injunction and hence is appealable pursuant to 28 U.S.C. Sec. 1292(a)(1). However, even if we were to assume that the April 7 order operates as an injunction, the order is not yet appealable since Libner has failed to meet his burden of showing the order "might cause [him] irreparable consequences if not immediately reviewed." Carson v. American Brands Inc., 450 U.S. 79, 84 (1981); see also In re Unanue-Casal, 998 F.2d 28, 32 (1st Cir. 1993) (citing cases).
 
 
 5
 This appeal is hence premature and must be dismissed for lack of appellate jurisdiction.
 
 
 6
 ---------------
 
 
 
 * Of the District of Massachusetts, sitting by designation.