USCA1 Opinion

 

 November 15, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1399 RICHARD POLIQUIN, ET AL., Plaintiffs, Appellees, v. GARDEN WAY INCORPORATED, Defendant, Appellee, __________________________ MAURICE A. LIBNER, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ___________________ Before Torruella, Chief Judge, ___________ Boudin, Circuit Judge, _____________ and Keeton,* District Judge. ______________ ___________________ Maurice A. Libner and McTeague, Higbee, Libner, MacAdam, __________________ ____________________________________ Case & Watson on brief for appellant. _____________ Ray E. Thompson, Jr., Glenn H. Robinson and Thompson & Bowie ____________________ _________________ ________________ on brief for appellee, Garden Way Incorporated. __________________ __________________ ___________________ *Of the District of Massachusetts, sitting by designation. Per Curiam. Attorney Maurice A. Libner appeals the ___________ order of the United States District Court for the District of Maine, dated April 7, 1994. The order grants the motions of appellee, Garden Way, for compliance with a previously issued protective order and for sanctions for violations of the order. It also orders Libner to undertake specific steps to comply with the previous order. We dismiss for lack of appellate jurisdiction. This court has jurisdiction only over "final decisions of the district court." 28 U.S.C. 1291; Willhauck v. _________ Halpin, 953 F.2d 689, 701 (1st Cir. 1991). A final decision ______ is generally one that "leaves nothing for the court to do but execute the judgment." Zayas-Green v. Casaine, 906 F.2d 18, ___________ _______ 21 (1st Cir. 1990) (quoting Van Cauwenberghe v. Biard, 486 ________________ _____ U.S. 517, 521 (1988)). In the instant case, although the district court determined that Libner had violated the protective order and that sanctions were appropriate, sanctions were only "conditionally granted, subject . . . to the Court's _______ determination and imposition of an appropriate sanction on Attorney Libner." Since the district court has yet to determine what sanctions will be applied, the portion of the order imposing sanctions upon Libner for violation of the previously issued protective order is not a final order. See ___ In re Tetracycline Cases, 927 F.2d 411, 413 (8th Cir. 1991) ________________________ -2- (finding that attorney was in contempt for violation of limited appearance and protective orders and that sanctions were appropriate was not appealable final order since amount of sanctions yet to be determined). Nor is the portion of the order imposing obligations on Libner yet appealable. Discovery orders are not in general appealable final orders. In re Insurers Syndicate for Joint __________________________________ Underwriting, etc., 864 F.2d 208, 210 (1st Cir. 1988); In re __________________ _____ Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988). ___________________ Libner claims, however, that the order in this case operates as an injunction and hence is appealable pursuant to 28 U.S.C. 1292(a)(1). However, even if we were to assume that the April 7 order operates as an injunction, the order is not yet appealable since Libner has failed to meet his burden of showing the order "might cause [him] irreparable consequences if not immediately reviewed." Carson v. American Brands ______ ________________ Inc., 450 U.S. 79, 84 (1981); see also In re Unanue-Casal, ___ ___ ____ __________________ 998 F.2d 28, 32 (1st Cir. 1993) (citing cases). This appeal is hence premature and must be dismissed for _________ lack of appellate jurisdiction. -3-