**L. Peter KAITER, Plaintiff, Appellee,**

v.

**TOWN OF BOXFORD, et al., Defendants, Appellees.**

**Appeal of Kevin WOOD, Defendant.**

**No. 87–1305.**

United States Court of Appeals, First Circuit.

Heard Nov. 3, 1987.

Decided Jan. 8, 1988.

Rehearing and Rehearing En Banc Denied Feb. 5, 1988.

---

David Berman with whom Berman and Moren, Lynn, Mass., was on brief, for defendant.

John S. Legasey with whom Michael J. McLane and Ardiff & Morse, P.C., Danvers, Mass., were on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.  .

BOWNES, Circuit Judge.

Kevin Wood, a building inspector in Boxford, Massachusetts, was sued by L. Peter Kaiter under 42 U.S.C. § 1983 and Mass. Gen.Laws ch. 12, § 11I for allegedly attempting to deny Kaiter his constitutional rights to free speech, to petition the government and to equal protection of the laws.[1] Kaiter's complaint alleges that Wood, in concert with another Boxford town official and with the knowledge of the Board of Selectmen, undertook a campaign to harass and intimidate Kaiter by "falsely accusing him of violating the law and by selectively enforcing the laws against him." Wood's action was allegedly in retaliation for Kaiter's speaking out at a public hearing against proposed construction in a lot abutting Kaiter's.

Wood moved to dismiss the complaint on the ground that, among other things, he was entitled to absolute prosecutorial immunity. The district court denied Wood's absolute immunity claim, and Wood appealed to this court.[2] Wood has not yet made a

---

1. Kaiter's complaint also alleged a violation of 42 U.S.C. § 1985, but that count was dismissed by the district court. Kaiter has not appealed the dismissal.

2. After the motion to dismiss was denied, Wood sought a stay of Kaiter's federal civil action pending resolution of state criminal charges against Kaiter. When the stay was denied by the district court, Wood appealed that ruling as well, and his two appeals were consolidated for

claim to qualified immunity, but his counsel stated at oral argument that should the claim to absolute immunity fail on appeal, Wood's entitlement to qualified immunity would be raised by way of motion for summary judgment.

■ Apparently in response to some doubts expressed by the district court when ruling on Wood's immunity, Kaiter and Wood have both briefed the issue of whether the order is appealable; they both maintain that it is. The issue, which as far as we can tell is one of first impression, is whether we can entertain an appeal of the denial of a motion to dismiss based on absolute immunity, when we know that, if we affirm, the defense of qualified immunity will be raised subsequently in the district court by a motion for summary judgment. For the reasons that follow, we hold that the district court order is not final within 28 U.S.C. § 1291 and we have no jurisdiction to decide this appeal.

■ The normal and well-established rule is that the denial of a substantial claim to absolute immunity from a section 1983 action is immediately appealable. *Nixon v. Fitzgerald*, 457 U.S. 731, 742, 102 S.Ct. 2690, 2697, 73 L.Ed.2d 349 (1982); *Krohn v. United States*, 742 F.2d 24 (1st Cir.1984). Likewise, denials of qualified immunity are usually also subject to interlocutory appeals, *Mitchell v. Forsythe*, 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2814–17, 86 L.Ed.2d 411 (1985); *Krohn*, 742 F.2d at 27–29, even where there is an outstanding claim for injunctive relief that will have to go to trial if immunity is upheld. *De Abadia v. Izquierdo Mora*, 792 F.2d 1187, 1188–90 (1st Cir.1986). Nevertheless, in every case we have found which permitted interlocutory review of an immunity ruling, the defendant's entire claim to immunity was raised in a single proceeding. Here, by contrast, Wood has elected to present only his claim to absolute immunity in this motion to dismiss, while reserving for a later *pretrial* proceeding his claim to qualified

immunity. That election is fatal to his current appeal.

■ The rule permitting interlocutory review of immunity denials has its basis in the "collateral order doctrine" of *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be an appealable collateral order, a district court ruling must meet three criteria: first, it must fully dispose of the question, not leave the matter "open, unfinished or inconclusive"; second, it must resolve an issue completely separate from the merits of the underlying cause of action; third, it must involve the denial of an important right that would be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Helstoski v. Meanor*, 442 U.S. 500, 506–07, 99 S.Ct. 2445, 2448, 61 L.Ed.2d 30 (1979) (denial of immunity under the speech and debate clause is immediately appealable); *Abney v. United States*, 431 U.S. 651, 659–62, 97 S.Ct. 2034, 2040–41, 52 L.Ed.2d 651 (1977) (denial of immunity under the double jeopardy clause is immediately appealable). It has also been said that a collateral appeal must present "a serious and unsettled question." *Cohen*, 337 U.S. at 547, 69 S.Ct. at 1226; *Nixon*, 457 U.S. at 742, 102 S.Ct. at 2697. *See United States v. Alcon Laboratories*, 636 F.2d 876, 884 (1st Cir.) ("The requisites may be summarized as separability, finality, urgency, and importance."), *cert. denied*, 451 U.S. 1017, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981).

Focusing primarily on the unreviewability prong, the Court in *Mitchell* said: "[T]he denial of a substantial claim of absolute immunity is an order appealable before a final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." 472 U.S. at 525, 105 S.Ct. at 2815. The *Mitchell* Court also found that a denial of qualified immunity, like a denial of absolute immunity, meets

consideration at this time. Wood has since withdrawn his appeal of the denial of a stay,

and we do not consider that issue.

the other two prongs of the *Cohen* collateral order test. The denial is final because it conclusively determines either that the defendant is not immune or that the defendant is not entitled to avoid trial on immunity grounds. *Id.* at 527, 105 S.Ct. at 2816. The denial is collateral to the underlying merits because the defendant's entitlement to immunity is "conceptually distinct" from the plaintiff's entitlement to section 1983 damages. *Id.* at 527–28, 105 S.Ct. at 2816.

This case is virtually indistinguishable from *Mitchell* insofar as the separability and unreviewability prongs are concerned, and we assume that they are met. Unlike the district court orders in *Mitchell*, however, the ruling now before us is not conclusive in the sense mandated by the collateral order doctrine of *Cohen* and its progeny. True, the decision by the district court did finally determine that, based on the pleadings, Wood was not entitled to *absolute* immunity from liability for *all* the misdeeds alleged by Kaiter. But since the issue was not before it, the court could not decide whether Wood was entitled to qualified immunity, and thus might avoid trial on that ground. As the *Mitchell* Court explained, "'*Cohen*'s threshold requirement of a fully consummated decision'" refers not to whether a district court ruling conclusively determines one aspect of immunity, but to whether "there will be nothing in the subsequent course of the proceedings that can alter the court's conclusion that the defendant is not immune" or, put another way, whether the ruling "finally and conclusively determines the defendant's right not to *stand trial* on the plaintiff's allegations ... because '[t]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred.'" 472 U.S. at 527, 105 S.Ct. at 2816 (quoting *Abney*, 431 U.S. at 659, 97 S.Ct. at 2040) (emphasis in original). Since the district court has not yet determined whether Wood has qualified immunity, and that he will *have* to stand trial, its decision is not an appealable collateral order.

Absolute and qualified immunity are not two entirely independent legal doctrines which ought to be subject to separate pretrial appeals. Rather, as the Court noted in *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 2731, 73 L.Ed.2d 396 (1982), both are the product of the long held common law notion that "government officials are entitled to some form of immunity from suits for damages" in order to "shield them from undue interference with their duties and from potentially disabling threats of liability." To be an effective shield, the issue of immunity must be subject to one interlocutory appeal in order to establish the defendant's right to avoid trial altogether. There is no need to burden the appellate system and prolong the pretrial process with multiple interlocutory appeals, one from an order denying the motion to dismiss on grounds of absolute immunity and a later appeal from the denial of a motion for summary judgment based on qualified immunity. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3911, at 111 (Supp.1987) ("immunity deserves to be protected by one pre-trial appeal and no more"); *cf. Metlin v. Palastra*, 729 F.2d 353, 355 (5th Cir. 1984) (a pre-*Mitchell* case) (deciding that, "in the interest of judicial economy," "closely related" issues of qualified and absolute immunity should be considered in one interlocutory appeal, even though court maintained that denials of qualified immunity were not independently appealable).

We are aware of the argument that *Mitchell*, read literally, permits two interlocutory appeals on immunity, one from the denial of a motion to dismiss and another from the denial of a motion for summary judgment. *Kennedy v. City of Cleveland*, 797 F.2d 297, 299–300 (6th Cir.1986) (dictum), *cert. denied*, — U.S. —, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987); C. Wright, A. Miller, & E. Cooper, *supra*, § 3911, at 110. This view is based on a sentence in *Mitchell:* "The denial of a defendant's motion for dismissal or summary judgment on the ground of qualified immunity easily meets [the requirements of *Coopers & Lybrand* and *Cohen*]." 472 U.S. at 527, 105 S.Ct. at 2816. We read this sentence as treating a motion to dismiss and a motion for summa-

ry judgment in the alternative, not as separate procedural steps in a single case. If claims to immunity can be raised by motion for summary judgment after a motion for dismissal on the same grounds has been denied, the denial of the motion for dismissal is not conclusive for purposes of the collateral order doctrine because trial is not inevitable. We see no harm to the defendant in having to wait until the motion for summary judgment is decided to appeal, or, if he wishes to take an immediate interlocutory appeal, to state unequivocally—as a condition thereto—that he waives any right to file additional *interlocutory* appeals from any subsequent prejudgment rulings relative to immunity, absolute or qualified.[3] In *Harlow*, the Court noted that, by adopting an objective test for qualified immunity, it was avoiding "excessive disruption of government" through "broad-reaching discovery" relating to immunity. 457 U.S. at 818, 102 S.Ct. at 2739. Consistent with *Harlow*, the district court can, by limiting and setting time limits on discovery prior to a motion for summary judgment, prevent harassment and unnecessary expense to the defendant.

When a district court is faced with a motion to dismiss on the ground of absolute immunity, it should determine as soon as possible from the party so moving whether, if the motion for dismissal is denied, there will be a motion for summary judgment based on qualified immunity. If there will be, then both motions should be resolved prior to any interlocutory appeal. A party, of course, would have the right to raise both immunity defenses in one motion, either for dismissal or summary judgment. We do not think that a defendant who claims immunity has a right to two interlocutory appeals.

■ We hold that where a defendant claims both qualified and absolute immunity, we will not entertain an interlocutory appeal on one of the claims while the other is reserved for later pretrial proceedings.

---

**3.** The defendant will, of course, retain the right to challenge any such later rulings in an appeal

*Appeal dismissed for want of jurisdiction.*