**Hernan GAZTAMBIDE, Plaintiff,**

v.

**Jaime Torres GAZTAMBIDE, Defendant.**

**Civ. No. 85–1114 GG.**

United States District Court,
D. Puerto Rico.

May 20, 1992.

Frank Rodriguez Garcia, Ponce, Puerto Rico, for plaintiff.

Ramirez & Ramirez, Zuleika Llovet, Hato Rey, Puerto Rico, for defendant.

## OPINION AND ORDER

GIERBOLINI, Chief Judge.

Defendants have filed a notice of appeal of our denial of the qualified immunity defense in their fourth motion for summary judgment. They have likewise filed a motion for stay of the trial proceedings set for May 27, 1992 due to the appeal they have filed. In their motion for a stay they assert among other things that a properly filed appeal of qualified immunity should produce an automatic stay. Notwithstanding this, they also request that we issue an order confirming this alleged automatic stay or in the alternative, that we issue a stay. We decline defendants' request and accordingly DENY their motion for a stay of the trial for the reasons stated below.

Defendants cite the Supreme Court case of *Mitchell v. Forsyth* to the effect that a

trial court's denial of a defendant's qualified immunity defense is immediately appealable to the appellate court, much like a denial of absolute immunity is appealable via an interlocutory appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The rationale behind *Mitchell* is that qualified immunity is more than an immunity from money damages: it is "an immunity from suit ... [which] is effectively lost if a case is erroneously permitted to go to trial." *De Abadia v. Izquierdo Mora*, 792 F.2d 1187, 1189 (1st Cir.1986), *citing Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2816.

Our circuit has recognized a narrow exception to the normal rule that interlocutory decisions of a federal district court are not immediately appealable, in cases where a state actor, by pretrial motion, has unsuccessfully asserted "a *substantial* claim of qualified immunity." *Roque–Rodriguez v. Lema Moya*, 926 F.2d 103, 104–105 (1st Cir.1991) (emphasis added).

Defendants have cited no authority for their proposition that they are entitled to a second interlocutory appeal of a trial court's denial of qualified immunity contained in a motion for summary judgment. In our July 13, 1989 Opinion and Order we found that defendants were "not entitled to qualified immunity on the first or the fourteenth amendment claims", and denied their second motion for summary judgment.

Defendants filed an interlocutory appeal from our denial of qualified immunity to them on either the first or fourteenth amendment claims. The First Circuit affirmed our denial of qualified immunity to defendants in an April 20, 1990 opinion. *Gaztambide–Barbosa v. Torres–Gaztambide*, 902 F.2d 112, 116 (1st Cir.1990).

Not to be deterred, defendants filed a third motion for summary judgment on November 30, 1990, and a reply to plaintiff's opposition to defendants' motion for summary judgment on April 2, 1991. In both filings defendants once again raised the issue of qualified immunity.

In our Opinion and Order of August 30, 1991, 776 F.Supp. 52, we granted plaintiff's motion for summary judgment finding that his dismissal violated the fourteenth amendment due process clause. In such opinion and order we also denied defendants' third motion for summary judgment specifically noting how "presumptuous is defendant's new argument in favor of summary judgment."

Still unsatisfied with our dismissal of their third motion for summary judgment, defendants filed yet a fourth summary judgment motion. Content to beat a dead horse one more time in their fourth motion for summary judgment, defendants resurrected their notion that they are entitled to qualified immunity on the first amendment claim.

In our Opinion and Order of March 17, 1992 we denied their fourth motion for summary judgment finding it to have been submitted in bad faith, since defendants' same qualified immunity argument had been rejected on three separate occasions, twice by this court and once by the Circuit in *Gaztambide–Barbosa*, 902 F.2d at 116. We also found that this motion was frivolous and had been interposed solely for the purpose of delay, and that defendants had continuously and needlessly prolonged this litigation over a seven-year period with their piecemeal motions for summary judgment.

We find that defendants' motion to stay the trial proceedings pending an interlocutory appeal on the issue of qualified immunity to the First Circuit is an equally frivolous one and we DENY such motion. The Seventh Circuit has specifically held that a district court when confronted with a meritless notice of appeal, may certify to the court of appeals that the appeal is frivolous and proceed to try the case. *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir.1989), *citing Richardson v. United States*, 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984). We agree with the Seventh Circuit that a trial court's docket should not be held hostage by a meritless claim. We also find that Circuit's approach not to be inconsistent with the First Circuit's ruling in *Roque–Rodriguez*, that interlocutory appeals are proper when

defendants raise a "substantial" claim of qualified immunity on appeal upon denial of an immunity defense by a trial court. *Roque–Rodriguez,* 926 F.2d at 105.

In *Kaiter v. Town of Boxford,* 836 F.2d 704, 706 (1st Cir.1988), our circuit found that a defendant had no right to an interlocutory appeal on the issue of absolute immunity, when defendant had preserved a claim of qualified immunity for a later pretrial proceeding below. *Kaiter* specifically held that:

> the issue of immunity must be subject to one interlocutory appeal in order to establish the defendant's right to avoid trial altogether. There is no need to burden the appellate system and prolong the pretrial process with multiple interlocutory appeals, one from an order denying the motion to dismiss on grounds of absolute immunity and the later appeal from the denial of a motion for summary judgment based on qualified immunity." *Kaiter,* 836 F.2d at 707.

*See also Fernández v. Leonard,* 784 F.2d 1209, 1214 n. 2 (1st Cir.1986) ("we do not think, for example, that *Mitchell [supra],* allows a defendant to bring two interlocutory appeals from his claim of qualified or absolute immunity, first on the pleadings and then on the facts as produced after discovery.")

Although *Kaiter* on its facts dealt with a claim of absolute immunity raised in a motion to dismiss and a potential claim of qualified immunity via summary judgment, we believe its logic is even more compelling when confronted with two identical claims of qualified immunity for the same defendants both raised on interlocutory appeals from denials of summary judgment. The language of *Kaiter* is not limited just to its narrow facts since the circuit explicitly held there that, "We do not think that a defendant who claims immunity has a right to two interlocutory appeals." *Id.* at 708.

Later circuit opinions have affirmed this interpretation of *Kaiter. Zayas–Green v. Casaine,* 906 F.2d 18, 22 (1st Cir.1990); *Unwin v. Campbell,* 863 F.2d 124, 132 n. 5 (1st Cir.1988) ("[R]egardless of the number of immunity motions made at various

stages of a case in the district court, only one interlocutory appeal to this court will normally be allowed."); and *Feliciano–Angulo v. Rivera–Cruz,* 858 F.2d 40, 48 n. 8 (1st Cir.1988) ("[A] defendant is not entitled to bring *two* interlocutory appeals from his claim of qualified immunity, first on the pleadings and then on the facts as produced after discovery.") (emphasis in original).

The policy reasons which generally militate against interlocutory appeals are much stronger in this case where defendant has already had an appeal on the issue of qualified immunity which has been denied by the circuit. Judge Torruella noted in *Mariani–Giron v. Acevedo Ruiz* that the "practice of piecemeal interlocutory appeals should be discouraged, not only because it is an unnecessary drain on our limited judicial resources, but also because it places an undue burden upon economically unequal litigant." *Mariani–Giron v. Acevedo Ruiz,* 877 F.2d 1114, 1120 n. 10 (1st Cir.1989) (Torruella, J. concurring in part; dissenting in part). *See also Pedraza v. Shell Oil Co.,* 942 F.2d 48, 55, n. 10 (1st Cir.1991) ("The 'policy against piecemeal review is preserved'; by careful adherence to the 'final judgment' rule."), *citing Makuc v. American Honda Motors Co.,* 692 F.2d 172, 173–174 (1st Cir.1982); *Apostol,* 870 F.2d at 1338–1339; and *see generally* 1 Martin A. Schwartz and John E. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees,* 2nd edit., § 9.26, 580–581 (1991).

Likewise although in *Sullivan v. Carrick,* 888 F.2d 1, 3 (1st Cir.1989), our circuit allowed defendant a second interlocutory appeal after the district court denied his claim of qualified immunity raised on a motion for summary judgment, only the second of the two interlocutory appeals was heard on its merits. *Sullivan,* 888 F.2d at 3.

■ We find that the law of the case doctrine also supports our position that defendants' latest appeal is frivolous. The law of the case doctrine provides that "issues, once decided, should not be reopened 'unless the evidence on a subsequent trial

was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.'" *U.S. v. Rivera–Martinez,* 931 F.2d 148, 151 (1st Cir. 1991), *citing White v. Murtha,* 377 F.2d 428, 432 (5th Cir.1967).

Since the First Circuit has previously determined that defendants are not entitled to qualified immunity on either the first or fourteenth amendment claims then that determination should be binding, unless the evidence produced at trial is sufficient to fit within one of the exceptions to the law of the case doctrine cited above. Nothing that the defendants have filed with this court to date, has given us any reason to find that their "new" claims as to why they are entitled to qualified immunity, are sufficient to disturb the law of this case on the issue of qualified immunity.

When the First Circuit denied defendants' interlocutory appeal on the issue of qualified immunity it specifically stated that "the defendants will have an opportunity to present further evidence on the question *at trial.*" *Gaztambide–Barbosa,* 902 F.2d at 116. (emphasis added.) We, accordingly, DENY defendants' motion to stay trial pending resolution of their second interlocutory appeal on the issue of qualified immunity to the First Circuit. We, hereby, CERTIFY to the First Circuit that defendants' proposed appeal contained in the notice of appeal is a frivolous one which is interposed solely for the purpose of delay. The trial set for May 27, 1992 will go on as previously scheduled. The magistrate is ORDERED to hold a final pretrial conference forthwith.

SO ORDERED.