MARÍA SERRANO VDA. DE CARTAGENA ET AL., demandantes-apelados-apelantes, *v.* LEONER ANTONIO LUGO RAMÍREZ y la GREAT AMERICAN INDEMNITY CO., ETC., demandados-apelantes-apelados.

Número: 12505. Resuelto: 4 de agosto de 1961.

*Rivera Zayas, Rivera Cestero y Rúa y A. Segurola de Diego,* abogados de los demandados-apelantes-apelados, y *Héctor Lugo Bougal, Carlos J. Irizarry Yunqué y E. Goglas Carvajal,* abogados de los demandantes-apelados-apelantes.

Sala integrada por el Juez Asociado señor Blanco Lugo, como Presidente de Sala, y los Jueces Asociados señores Rigau y Dávila.

PER CURIAM: Ambas partes apelaron de la sentencia dictada por el Tribunal Superior, Sala de Ponce, en una acción en reclamación de daños y perjuicios iniciada por María Serrano viuda de Cartagena y otros contra Leoner Antonio Lugo Ramírez y su aseguradora Great American Indemnity Co.

En el recurso de la parte demandada se señala la comisión de tres errores. En primer término se impugna la concesión de indemnización a una de las demandantes, Eleuteria Colón, quien era hija de crianza de la víctima del accidente, y en haber considerado para hacer esta determinación la existencia de una relación de alimentante y alimentista entre ambos. Para desestimar este planteamiento basta referirnos a la

opinión emitida por este Tribunal en *Correa* v. *Autoridad de Fuentes Fluviales*, 83 D.P.R. 144 (1961). A lo allí expuesto nada tenemos que añadir.

Se apunta además que el tribunal de instancia no determinó en la sentencia dictada el grado de culpa atribuible a la conducta negligente del causante de los demandantes, y por ende, no redujo proporcionalmente el importe de la indemnización. En efecto, el juez a quo hizo las siguientes determinaciones sobre la forma en que ocurrió el accidente y sobre el derecho aplicable:

"Que el occiso pudo evitar el accidente retirándose a tiempo del sitio donde estaba parado en la carretera cerca de la línea blanca cuando vio venir el automóvil, pues se trataba de una carretera recta y no había ningún obstáculo que impidiera la visibilidad para el Este ni para el Oeste de la carretera, pero el accidente se hizo inminente al ocupar el vehículo, a una velocidad excesiva, sin desviarse hacia su derecha, sin reducir la velocidad, y sin dar aviso, el centro de la carretera donde estaba parado Cartagena esperando que éste pasara, arrollando a la víctima en la forma antes expuesta.

"...En el caso que nos ocupa la muerte de Cartagena Febus fue motivada por dos causas directas: una, la imprudencia de la víctima al abandonar un lugar de seguridad fuera de la carretera, para situarse cerca de la línea blanca que divide la misma a pesar de que se percató que el vehículo de motor se acercaba hacia él a excesiva velocidad. La otra causa de daños, *y a nuestro juicio la más importante,* fue la negligencia del codemandado al correr a excesiva velocidad por una zona poblada, sin tocar claxon ni aparato de alarma alguno, sin reducir la velocidad al notar la presencia de Cartagena en la carretera y abandonar el carril derecho que le correspondía y cruzar la línea blanca para arrollar a Cartagena. Si bien es verdad que si la víctima se retira a tiempo se hubiera evitado el accidente, no es menos cierto que si el conductor del vehículo hubiera conducido el mismo dentro de los límites del carril de la carretera que le correspondía, a una velocidad moderada, tocando bocina o aparato de alarma y tomando en cuenta el ancho y el tránsito de la carretera y la zona poblada, el accidente no hubiera ocurrido."

■ Resulta claro que bajo las disposiciones del artículo 1802 del Código Civil (31 L.P.R.A. sec. 5141), según enmendado por la Ley Núm. 28 de 9 de junio de 1956 (Leyes, pág. 87), "la imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización". De la opinión y sentencia no aparece claramente que al fijar la compensación se hiciera la reducción correspondiente. Devolveremos por tanto el caso al tribunal de instancia para que se haga la determinación procedente.

■ El recurso de la parte demandante se limita a impugnar por insuficiente la suma concedida por concepto de honorarios de abogado. Aun cuando la fijación de honorarios es discrecional del tribunal sentenciador, en realidad la fijada en el presente caso es exigua y no guarda proporción con el indiscutible esfuerzo y actividad profesional desplegada por los abogados de los demandantes. *Se aumentará la cantidad concedida de $300 a $1,500.*