Thomas H. NOBLE, Plaintiff, Appellee,

v.

CORPORACION INSULAR DE SEGU-ROS, Defendant, Appellant.

Thomas H. NOBLE, Plaintiff, Appellant,

v.

CORPORACION INSULAR DE SEGU-ROS, Defendant, Appellee.

Nos. 83–1858, 83–1891.

United States Court of Appeals, First Circuit.

Argued May 7, 1984.

Decided July 5, 1984.

Paul E. Calvesbert, San Juan, P.R., with whom Calvesbert & Brown, San Juan, P.R., was on brief, for Thomas H. Noble.

Ernesto F. Rodriguez Suris, San Juan, P.R., with whom Miranda Cardenas, De Corral & Rodriguez Suris, San Juan, P.R., was on brief, for Corporacion Insular de Seguros.

Before COFFIN and BREYER, Circuit Judges, and PETTINE,* Senior District Judge.

BREYER, Circuit Judge.

The parties in this appeal disagree about how the law of Puerto Rico assesses damages when an insurance company wrongfully refuses to pay a policy claim. The facts underlying this diversity action are as follows:

The main mast of plaintiff Noble's sailboat, Indigo, collapsed while it was under sail just south of Puerto Rico. He sought reimbursement for the loss from his insurance company, the defendant. But, the insurance company, having examined the boat, jumped to the conclusion that a rusty mast cable caused the accident. It pointed to a policy exclusion for accidents caused by "wear and tear and gradual deterioration;" and it refused to pay. Noble sued; the company looked into the matter further; and on the day of trial it conceded that it was wrong. The rusty cable had nothing to do with the accident; and, it should have paid the claim. In the meantime, Noble had sold the boat in unrepaired condition.

Since the parties still did not agree about *how much* the company should pay, they continued to litigate, finally submitting the case to the district court on the basis of the plaintiff's deposition, an insurance company adjuster's memorandum, briefs and the following stipulations:

1. There is coverage under the policy which was issued.

2. The defendant erroneously denied coverage.

3. The sound market value of the yacht Indigo before the casualty was $130,-000.

4. The insured value under the policy was $130,000.

5. The reasonable cost for repairs was $23,900.

6. The vessel was sold in distress because the vessel was damaged for the amount of $55,000.

7. Noble did not obtain funds to repair the yacht.

8. At the time of the damages, and at the time the vessel was for sale, Noble was residing in Texas.

The district court awarded plaintiff $23,-900 for the cost of repairs and $35,000 additional damages flowing from the company's "erroneous denial of coverage." Both parties appeal, the defendant claiming that the $35,000 consequential damage award is too large and the plaintiff claiming that it is too small.

■ 1. At the outset defendant argues that the plaintiff's action, insofar as it seeks consequential damages (flowing from the company's refusal to pay repair costs

* Of the District of Rhode Island, sitting by designation.

on time), is a "tort" action, arising under Article 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141. Defendant notes that this Article obliges a person to pay for damages that he "causes ... to another through *fault or negligence.*" And, defendant claims that the district court did not find "fault or negligence" in its course of conduct.

We do not believe that defendant is correct, however, in characterizing this action as one in tort. The policy itself required defendant to pay "within thirty days after proof of [covered] loss or damage." One might view plaintiff's suit as one for breach of this provision. *See Prieto v. Maryland Casualty Co.,* 98 D.P.R. 594, 619 (1970); *Arroyo v. Caldas,* 68 P.R.R. 639, 641–42 (1948). Alternatively, the Puerto Rico Insurance Code forbids firms from denying coverage without, for example, "carrying out a reasonable investigation." 26 L.P.R.A. § 2716a. The Insurance Code apparently does not provide a direct remedy for violation of this provision. (It instructs the Insurance Commissioner to adopt "regulations" for enforcement but neither the district court nor the parties refer to any such regulations.) But, its terms might be viewed as incorporated by reference into the contract. Article 1210 of the Civil Code, 31 L.P.R.A. § 3375 ("contracts ... are binding not only with regard to the fulfillment of what has been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use and law"); *E.L.A. v. Great American Insurance Co.,* 106 D.P.R. 825, 829 (1977) (when parties conclude agreements on matters regulated by statute, statutory provisions are implicitly incorporated into contract). And, plaintiff's suit might be considered one for breach of such an implicit term. In either event, the suit would arise under Civil Code Article 1054, 31 L.P.R.A. § 3018, which states that

[t]hose who in fulfilling their obligations are guilty of fraud, negligence, or delay and those who in any manner whatsoever act in contravention of the stipulations of [their contractual obligations] ... shall be subject to indemnify for the losses and damages caused thereby.

A majority of states characterize actions like the one here as "contract," while a minority characterize them as "tort." A.V. Windt, *Insurance Claims and Disputes* §§ 6.35, 6.36 (1982). The courts of Puerto Rico have not decided the question. *Morales v. Automatic Vending Services, Inc.,* 103 D.P.R. 281 (1975), which plaintiff cites, concerns liability for a judgment exceeding policy limits, and it is not on point. But, for the reasons stated, we believe it likely they would find that Civil Code Article 1054 governs plaintiff's claim.

■ Regardless, there is sufficient evidence of "fault" here to satisfy either provision of the Civil Code. The district court did not use the words "fault," "negligence," or "fraud" in describing defendant's conduct. Yet, it said that "the reasons given by defendant to deny coverage were erroneous and invalid." It added that "the defendant breached [its] duty [to act fairly and in good faith] by erroneously denying coverage; by waiting until the day of the trial to admit coverage." And, in awarding attorney's fees, it implicitly found that defendant had been "obstinate" in litigating the case (*see* page 55, *infra*)—a finding that in context must reflect a judgment that defendant had unreasonably withheld payment. A fair reading of the district court's opinion reveals that it found a delay in payment that was, at the very least, negligent. Defendant points out that its stipulation that its refusal to pay was "erroneous" does not logically imply negligence. But, to read the district court's finding as one of "innocent" error is to ignore the opinion's tone, the court's actions, and the evidence. Defendant conceded, for example, that it checked with sailboat experts about the rusty cable only *after* it denied coverage; it did not explain why it did not check with experts first. In our view, the record is more than sufficient to support a finding of "fault." *Raymond v. Eli Lilly Co.,* 556 F.2d 628, 629 (1st

Cir.1977) (clear error standard is used in reviewing negligence finding); *see Lynch v. Dukakis,* 719 F.2d 504, 513 (1st Cir.1983) (mixed questions of law and fact are reviewed only for clear error); *Fortin v. Commissioner of the Massachusetts Department of Public Welfare,* 692 F.2d 790, 794 (1st Cir.1982) (same).

2. The parties agree that defendant should pay plaintiff $23,900 for repairs; but they both argue that the court's award of $35,000 in additional damages due to the delay in payment was erroneous. We agree that the court incorrectly calculated this portion of the award.

The principles underlying the calculation are clear. Damages in Puerto Rico are compensatory. *Torres v. Castillo Alicea,* 111 D.P.R. 792, 804 & n. 7 (1981) (torts); *Perez v. Sampedro,* 86 D.P.R. 526, 530 (1962) (contracts); *see Marina Industrial v. Brown Boveri,* —— D.P.R. ——, 83 J.T.S. 31 (March 18, 1983) (punitive damages do not exist in Puerto Rico). The injured party has the right to recover for the damages actually suffered and for lost profit. *Zeno v. Vazquez Rosario,* 106 D.P.R. 324, 326–29 (1977) (torts); *Perez v. Sampedro,* 86 D.P.R. at 530 (contracts). The goal in damages actions is to put the injured party as nearly as possible where he would have been had the breach not occurred. Cappalli, *Tort Damages in Puerto Rico,* 46 Rev.Jur.U.P.R. 241, 242 (1977); I–II J. Puig Brutau, *Fundamentos de Derecho Civil* 512 (1976). Hence, the question before us is what amount of money would place Noble as nearly as possible where he would have been had defendant indemnified him on time for the damages that the Indigo suffered.

If the defendant had paid plaintiff for repairs on time, plaintiff would have owned a boat worth $130,000 (its value to which the parties stipulated). Thus plaintiff, who no longer owns the boat, must receive $130,000 in its stead. Plaintiff received $55,000 from Indigo's buyer. The court awarded $23,900 as the cost of repairs. Hence, plaintiff should receive an additional $51,100, not $35,000.

Defendant argues that plaintiff did not adequately mitigate damages; he should have repaired the boat before selling it; he then presumably would have obtained $130,000 for it instead of $55,000. Defendant correctly points to a duty to mitigate damages. *Sociedad de Ganaciales Valldejuli-Lopez v. Jeronimo Corporation,* 103 D.P.R. 127, 134 (1974); *Aponte v. Cortes Express,* 101 D.P.R. 31, 36 (1973); *Stella v. Municipio de Guayanilla,* 76 D.P.R. 783, 796 (1954). But only those who are able to mitigate must do so. *Aponte v. Cortes Express,* 101 D.P.R. at 36; *Alum Torres v. Campos del Toro,* 89 P.R.R. 299, 318–19 (1963). The evidence shows that plaintiff lacked the money needed to repair the boat. Plaintiff said he was in Texas; the boat was in Puerto Rico; the repair job was complex; his salary was $6,000 per month; he could not afford to finance the repair. There is no evidence to the contrary. Moreover, a person obtains insurance of this type primarily to avoid having to pay large casualty losses out of his own pocket. *See Morales v. Automatic Vending Services, Inc.,* 103 D.P.R. at 288.

The district court may have felt that the $55,000 sale price was inadequate, that buyers should have paid more for a boat that could be put back into $130,000 condition for repair costs of only $23,900. But, nothing in the record suggests that plaintiff failed adequately to promote the boat's sale. Common sense suggests that buyers will purchase a boat with a broken mast—a boat that cannot be sailed and about which their knowledge is thereby limited—only at a discount.

Defendant cannot argue that the boat was not worth $130,000, for it stipulated that value. The remainder of the parties' arguments about value are either without merit or were not raised in the court below. *Johnson v. Allyn & Bacon,* 731 F.2d 64, 73 (1st Cir.1984); *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979).

3. Plaintiff correctly argues that the district court should have awarded pre-

judgment interest. Puerto Rico Rule of Civil Procedure 44.3(b) provides:

> ... the court may impose on an obstinate party the payment of legal interest to be computed on the amount of the judgment from the time the cause of action accrues in actions of debt, and in actions for damages, from the time the complaint is filed until judgment is entered.

Although the translation of the rule uses the word "may," the rule in Spanish reads "el tribunal ... impondra," which means that "the court ... will impose." And in interpreting this language, the Commonwealth Supreme Court has held that, once a district court finds that a party has been "obstinate," it *must* award prejudgment interest to the other side. *Insurance Company of Puerto Rico v. Tribunal Superior*, 100 D.P.R. 405, 411 (1972). The district court must have found the defendant obstinate here, for it awarded attorney's fees to the plaintiff. And district court judges in Puerto Rico are perfectly aware that they can make such an award only if defendant was obstinate. P.R.R.Civ.P. 44.1(d).

 In determining the amount of prejudgment interest, the court should consider the "repair costs" and the "consequential damages" separately. In seeking repair costs, plaintiff is, in essence, collecting a debt, for defendant owes him that money in accordance with the terms of the policy. *Cf. Colondres Velez v. Bayron Velez*, —— D.P.R. ——, 83 J.T.S. 108 (Dec. 7, 1983) (action for collection of money owed under a buying-selling contract is action for collection of debt for purposes of P.R.R. Civ.P. 44.3(b)). Hence, as Rule 44.3(b) states, prejudgment interest on the award for the cost of repairs ($23,900) runs from the time "the cause of action accrues." In seeking to recover for the delay in payment, however, plaintiff has brought an action for "damages" (whether in "contract" or "tort" is irrelevant). Hence, prejudgment interest on the award of consequential damages ($51,100) must be computed "from the time the complaint is filed."

Plaintiff's request for an interest rate of 12 percent to 17 percent must be denied, for Rule 44.3(b) states that prejudgment interest is to be "legal interest," and legal interest in Puerto Rico is 6 percent. Article 1649 of the Civil Code, 31 L.P.R.A. § 4591; *see Roldan Medina v. Serra*, 105 D.P.R. 507, 517 (1976). Plaintiff's request for larger attorney's fees must also be denied, for the amount of any such award is primarily up to the trial court. *Serrano Vda de Cartagena v. Lugo Ramirez*, 83 D.P.R. 300, 303 (1961). After examining the record, we find no abuse of the trial court's powers in awarding plaintiff $5,000.

*The judgment of the district court is vacated and the case is remanded for further proceedings consistent with the opinion.*