**NPR, INC. Plaintiff**

v.

**AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO Defendant**

**No. CIV.01–1395 SEC.**

United States District Court, D. Puerto Rico.

Jan. 28, 2003.

Monica S. Mathews, Philadelphia, PA, Luis A. Oliver–Fraticelli, Fiddler, Gonzalez & Rodriguez, San Juan, PR, Timothy C. Russell, Philadelphia, PA, for plaintiff.

James L. Carroll, Elizabeth Jane Hicks, Robert Douglas Morgan, Myles A. Parker, Carroll, Warren & Parker, PLLC, Jackson, MS, Bradley R. Peacock, Mitchell, McNutt & Sams, Jackson, MS, for defendant.

Lawrence W. Diamond, Duane, Morris & Heckscher, LLP, Newark, NJ, for intervenor-plaintiff.

### OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendant's motion for partial summary judgment (Docket # 33). Plaintiff has duly opposed said motion (Docket # 36), and Defendant has filed a reply (Docket # 41). Having con-

sidered the parties' arguments and the relevant case law, Defendant's motion will be **GRANTED**.

**Factual Background**

This case involves an insurance dispute between Plaintiff NPR, Inc. (NPR) and Defendant American International Insurance Company of Puerto Rico (AIICO, Puerto Rico) that arose after Hurricane Georges struck Puerto Rico on September 21, 1998, causing physical damage to NPR's San Juan port facility. NPR filed suit against AIICO, Puerto Rico in the United States District Court for the District of New Jersey, seeking a declaration of coverage under a policy of insurance issued by AIICO, Puerto Rico to NPR, and compensatory and punitive damages for breach of contract and bad faith refusal to pay NPR's claims arising out of Hurricane Georges. In Count III of the Complaint, NPR alleges, in part, that AIICO, Puerto Rico breached its duty to deal with NPR fairly and in good faith in connection with the review, adjustment and payment of NPR's claims. AIICO, Puerto Rico denies these claims. Plaintiff NPR requests, among other relief, an award of punitive damages in an amount to be determined at trial.

AIICO, Puerto Rico then filed a motion to transfer venue to this Court pursuant to 28 U.S.C. § 1404(a). NPR opposed said transfer to Puerto Rico. The District Court of New Jersey (U.S. District Judge Bassler), after carefully examining and discussing the various factors relevant to a determination regarding transfer of venue, granted AIICO, Puerto Rico's motion to transfer.

NPR then filed a motion for reconsideration in the District Court of New Jersey, seeking to have this action transferred to the United States District Court for the District of Delaware. On July 11, 2001, the District Court of New Jersey issued its Letter Order Denying NPR's motion for reconsideration, thereby affirming its earlier Opinion and Order regarding venue transfer.

Once the case had been transferred to this Court, Plaintiff filed a motion requesting that the case be transferred to Delaware. Said motion was denied by this Court on July 17, 2002 (Docket # 44). In summary, this Court agreed with the decision of the District Court of New Jersey regarding the fact that Puerto Rico was the most appropriate forum for this case.

**Standard of Review**

Fed.R.Civ.P. 56(b) provides that: "A party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part [of the claims asserted against him/her]." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986); *NASCO, Inc. v. Public Storage, Inc.,* 29 F.3d 28 (1st Cir.1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." Chalres A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2725, p.401.

In this regard, the First Circuit Court of Appeals has noted that for a dispute to be "genuine", there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. *U.S. v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir.1992); *See also Boston Athletic Assn. v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989); *Medina-Muñoz v. R.J. Reynolds Tobacco,* 896 F.2d

5, 8 (1st Cir.1990) ("A 'genuine' issue is one that must be decided at trial because the evidence, viewed in the light most favorable to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party.") (citations omitted).

By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir. 1994). "A fact is material if it tends to resolve any of the issues that have been properly raised by the parties." Wright, Miller & Kane, *supra,* § 2725 at p. 419. "Not every genuine factual conflict necessitates a trial. It is only when a disputed fact has the potential to change the outcome of the suit under the governing law if found favorably to the nonmovant that the materiality hurdle is cleared." *Martínez v. Colón,* 54 F.3d 980, 983–984 (1st Cir. 1995).

In addition, when determining whether to grant summary judgment, the Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (*citing Greenburg v. Puerto Rico Maritime Shipping Authority,* 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines,* 42 F.3d at 684.

While the moving party has the burden of initially establishing that there is "an absence of evidence to support the non-moving party's case", *Maldonado–Denis v. Castillo–Rodríguez,* 23 F.3d 576, 581 (1st Cir.1994); **the nonmovant has a "corresponding obligation to offer the court more than steamy rhetoric and bare conclusions."** *Lawton v. State Mutual Life Assurance Company of America,* 101 F.3d 218, 223 (1st Cir.1996). Furthermore, "the nonmovant must produce specific facts, in suitable evidentiary form sufficient to limn a trialworthy issue … Failure to do so allows the summary judgment engine to operate at full throttle." *Id.; see also Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); *Medina–Muñoz,* 896 F.2d at 8, *quoting Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989) ("The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.")

### Applicable Law and Analysis

■ Defendant argues that the District Court of New Jersey has ruled that the substantive law of Puerto Rico applies to this action, and that said ruling constitutes the law of the case. Under Puerto Rico law, a plaintiff such as NPR is not entitled to an award of punitive damages. Therefore, Defendant argues that the claim for punitive damages in Plaintiff's complaint should be dismissed.

On the other hand, Plaintiff argues that the District Court of New Jersey only ruled on the matter of transfer of venue, and not on the issue of choice of law. As such, Plaintiff understands that any comments regarding choice of law issues in Judge Bassler's Opinion and Order constituted *obiter dicta,* and are therefore not the law of the case. Having examined Judge Bassler's Opinion and Order, and the relevant case law regarding transfer of venue, we find that Defendant's argument is meritorious.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) motions are considered procedural matters and are therefore governed by federal law. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir.1995). The purpose of Section 1404(a) is "to prevent the waste of 'time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) *quoting Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). To obtain a transfer, the moving party must demonstrate that the proposed alternative forum is not only adequate, but also more convenient than the present forum. *See Jumara*, 55 F.3d at 879.

■ No rigid rule governs a transfer determination; a Section 1404(a) analysis is flexible and turns on the unique facts of each case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). When "ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of the witnesses, and interests of justice)." *Jumara*, 55 F.3d at 879. Nonetheless, the Supreme Court has articulated a series of factors that should guide a court's analysis under Section 1404(a). *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The Gulf Oil factors fall into two categories: the private interests of the litigants and the public's interest in fair, efficient administration of justice. *See Jumara*, at 879. Private interests have included plaintiff's preferred forum, the rela-

tive physical and financial condition of the parties, and the relative ease of access to the sources of proof. *Id.* Public interests have included **the trial judge's familiarity with the applicable state law**, "the local interest in adjudicating disputes at home, court congestion in the two fora, the fairness of placing the burden of jury duty on the citizens of the state with the greater interest in the dispute, and practical considerations that could make the trial easy, expeditious, or inexpensive." *Id.* Neither list of factors is exhaustive, and certain factors may be more or less relevant in particular cases. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528–29, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988).

However, for the purposes of this particular case, it is important to note that one of the main *Gulf Oil* factors is the trial judge's familiarity with the applicable state law. Of course, before a trial judge can determine how familiar he/she is with the applicable state law, he/she must establish **which** is the applicable state law. This choice of law determination, then is **central** to the question of whether transfer of venue is appropriate.

Judge Bassler precisely followed the jurisprudence regarding transfer of venue discussed above. In doing so, he reached a conclusion of law regarding which state law is applicable to the case at bar. Judge Bassler held that the substantive law of Puerto Rico applies to this action. Specifically, he stated:

> Justice requires that, whenever possible, a diversity action should be decided by the court most familiar with the applicable state law. A federal court sitting in diversity must apply the choice of law rules of the forum state. Thus, New Jersey choice of law rules govern Plaintiff's claims. According to those rules, the law of the state with the most significant connections to the parties and the action applies.

Puerto Rico clearly has a stronger interest in this case because the complained of activity arose directly out of Defendant's alleged breach in San Juan, of an insurance policy negotiated in Puerto Rico to which Puerto Rican law applies. Furthermore, Puerto Rico has strong connections with both Parties, not just with Defendant. Although New Jersey also has a strong interest in this case, namely protecting a resident corporation from the alleged wrongful acts of a nonresident corporation, **it is not a sufficient connection to warrant application of New Jersey law. Accordingly, this factor favors transfer.**

*NPR, Inc. v. American International Insurance Company of Puerto Rico,* 2001 WL 294077, *8 (D.N.J. March 28, 2001) (citations omitted) (emphasis added). This quotation shows how Judge Bassler made a choice of law determination, and **used that determination** in a crucial part of his transfer of venue analysis.

The choice of law issue was also used by Judge Bassler when discussing one of the private interest factors of the *Gulf Oil* test. When discussing the importance of Plaintiff's choice of forum to the transfer of venue determination, Judge Bassler explained:

> The Court is hard pressed to see how the operative facts tie this breach of contract claim to New Jersey. Plaintiff does not refute that the Policy was issued, negotiated, paid out and cashed, and signed by both Parties, in Puerto Rico, **and according to the laws of Puerto Rico**. This coupled with the fact that the alleged breach of contract occurred in Defendant's Puerto Rican office, demonstrates that the operative facts of this matter arise in Puerto Rico. **Therefore, Plaintiff's choice of forum will be accorded significantly less weight in the Courts § 1404(a) analysis.**

*Id.* (emphasis added). Here, we can again see how establishing that Puerto Rico law is applicable to the case at bar was in fact crucial to the transfer of venue question. Based on this reasoning, we find that Judge Bassler did in fact hold that Puerto Rico law is the applicable law in the case at bar. As such, this determination constitutes the law of the case.

"[T]he law of the case doctrine precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided." *Tirado v. U.S.,* 1997 WL 557627, *1 (D.P.R. Aug.25, 1997). The law of the case doctrine also applies when, as in this action, a case is transferred from one district court to another. *See McMasters v. U.S.,* 260 F.3d 814, 818 (7th Cir.2001) *citing Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). As Plaintiff points out, it is true that the law of the case doctrine is flexible, and any matters falling under the veil of the doctrine can be reconsidered. *See e.g., Rivera Ramos v. Román,* 83 F.Supp.2d 233, 237 (D.P.R. 2000) (holding that the law of the case doctrine is not an absolute bar to reconsideration); *Jiménez v. Dr. Heyliger,* 792 F.Supp. 910, 919 (D.P.R.1992) (finding that federal courts retain the power to reconsider issues that were decided before if they wish); *Gaztambide v. Gaztambide,* 794 F.Supp. 451, 453–54 (D.P.R.1992) (holding that clear error and preventing a manifest injustice justify reconsideration of an issue). Nevertheless, while the law of the case doctrine may give way in the face of clear error or manifest injustice, it is also true that AIICO, Puerto Rico and this Court are entitled to rely on matters that have been settled to remain so. *See Christianson,* 486 U.S. at 816, 108 S.Ct. 2166 (noting both that the doctrine promotes the finality and efficiency of the judicial process and that it applies to decisions of a coordinate court). More impor-

tantly, Plaintiff has pointed **to no clear error or manifest injustice in Judge Bassler's ruling.** And lastly, this Court finds no reason to disagree with Judge Bassler's conclusion that the law of Puerto Rico governed the insurance contract and all of the contract-related issues in the case, including the availability of punitive damages. In fact, this Court itself has already, somewhat tacitly but also somewhat expressly, concurred and ratified Judge Bassler's holdings in the Order denying Plaintiff's motion to transfer the case to the District of Delaware. *See* Docket # 44.

 Now, let us go on to the substantive part of Defendant's argument. The law of Puerto Rico does not, as a general rule, recognize or permit the recovery of punitive damages. *See Noble v. Corporación Insular De Seguros,* 738 F.2d 51, 54 (1st Cir.1984); *Ganapolsky v. Park Gardens Development Corp.,* 439 F.2d 844, 846 n. 1 (1st Cir.1971); *Clarendon v. American Ins. Co.,* 1999 WL 33218159, *1–*2 (D.P.R. Oct.4, 1999); *Computec Systems Corp. v. General Automation, Inc.,* 599 F.Supp. 819, 827 (D.P.R.1984). Specifically, and more on point with the case at bar, in *Clarendon,* this Court held that an insurer cannot be held liable for punitive damages under the law of Puerto Rico. *Clarendon,* 1999 WL 33218159 at *2. In that case, the insurer filed suit, seeking a declaratory judgment that it did not owe coverage to the owners of a yacht under a marine insurance policy for a total loss to the vessel caused by an explosion and fire. *Id.* at *1. The owners counter-claimed, alleging breach of contract and seeking attorney's fees and "punitive damages because [the insurer allegedly] ... acted in bad faith and with temerity." *Id.* This Court granted the insurer's motion to strike the insureds' demand for punitive damages because "punitive damages do not exist in Puerto Rico." *Id., citing Noble,* 738 F.2d at 54.

Consequently, Plaintiff's claim for an award of punitive damages against AIICO, Puerto Rico for any alleged bad faith on the part of AIICO, Puerto Rico in handling, adjusting or paying NPR's claims arising from Hurricane Georges must be dismissed with prejudice. The District Court of New Jersey ruled in its comprehensive Opinion and Order dated March 28, 2001, that the substantive law of Puerto Rico applies to this action. Whether punitive damages are recoverable under the law of Puerto Rico is an issue of law, not fact. Since the law of Puerto Rico does not permit recovery of punitive damages, AIICO, Puerto Rico is entitled to judgment on this issue as a matter of law.

**Conclusion**

For all the reasons discussed above, Defendant's motion is **GRANTED,** and Plaintiff's claim for punitive damages is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**